IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| BRANDON K. THRASHER, | § § | |
| PLAINTIFF, | § | |
| v. | § § | CIVIL ACTION CAUSE NUMBER |
| THE CITY OF AMARILLO and JUSTIN R. CASTILLO, | § § § | 2:10-CV-036-J |
| DEFENDANTS. | § § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO TIMELY PERFECT SERVICE OF PROCESS

Before the Court are Defendants City of Amarillo and Justin Castillo's motions to dismiss for failure to timely perfect service of process, and the responses in opposition filed by Plaintiff Brandon Thrasher. For the following reasons Defendants' motions are granted.

This is a civil rights lawsuit in which Plaintiff alleges that he was wrongfully arrested by Officer Castillo on February 18, 2008. Plaintiff filed this suit on February 8, 2010. On June 10, 2010, the Court ordered Plaintiff to show cause by June 21, 2010, why this case should not be dismissed because of his failure to timely perfect service of process. On June 18, 2010, Plaintiff filed a motion requesting an extension of time to perfect service. On June 21, 2010, the Plaintiff personally attempted to serve process upon the Defendants, a procedure which is not allowed by the Rule 4(c) of the Federal Rules of Civil Procedure. On June 22, 2010, Plaintiff's motion was granted and Plaintiff was given an extension of time until July 1, 2010, to perfect service of process.

The specific insufficiencies in Plaintiff's attempts at process were pointed out to the Plaintiff by the Defendants on July 9, 2010. However, service of process was not perfected upon the City until November 29, 2010 – a total delay of 294 days. Service was not perfected upon Castillo until

December 13, 2010 – a total delay of 308 days. After his extended July 1st deadline, the Plaintiff delayed an additional 152 days to service the City, and an additional 166 days to serve Castillo. Limitations ran on his claims on February 18, 2010 – ten days after this suit was filed.

A plaintiff must show that he exercised the same diligence in timely serving process that an ordinarily prudent person under the same or similar circumstances would have exercised. *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1112-13 (5th Cir. 1981). The timely filing of a suit will not toll the statute of limitations; the use of diligence in the issuance and service of a citation is also required to interrupt the running of the statute. *Nationwide Bi-Weekly Administration, Inc. v. Belo Corp.*, 512 F.3d 137. 141-42 (5th Cir. 2007)(unexcused ten-month delay in effecting service of process). An delay of as little as six months from the time of filing the complaint can demonstrate as a matter of law that the Plaintiff lacked diligence in obtaining issuance of citation and service of process. *Id.*

Plaintiff filed this suit *pro se*. By proceeding *pro se*, a litigant acquiesces in and subjects himself to the established rules of practice and procedure. *Bird v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)(*citing Faretta v. California*, 442 U.S. 806, 834 n.46, 95 S.Ct. 2525, 2540, 45 L.Ed. 2d 562 (1975); *United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977); *Larkin v. United Ass'n of Plumbers and Pipefitters*, 338 F.2d 335, 336 (1st Cir.), *cert. denied*, 380 U.S. 975, 85 S.Ct. 1337, 14 L.Ed.2d 270 (1964); and *United States v. Fowler*, 605 F.2d 181, 183 (5th Cir. 1979), *cert. denied*, 445 U.S. 950, 100 S.Ct. 1599, 63 L.Ed.2d 785 (1980)). A litigant's *pro se* status does not excuse him from compliance with the federal rules and procedures. *United State v. Jenkins*, 780 F.2d 518, 520 (5th Cir. 1986). *See also, Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

Plaintiff attempts to show cause for his delay by stating that he was admitted for in-patient care at an out-of-state treatment facility for a total of approximately 70 to 77 days during 2010. Even

if all that time should properly be deducted from the 294 and 308 days of delay, the fact remains that Plaintiff has not shown that he exercised due diligence in the other 217 available days to obtain issuance of citation and to perfect service of process.

Good cause for the delay in perfection of service of process not having been shown, Defendants' motions to dismiss are granted. Final judgment will be entered in accordance with this memorandum opinion and order.

It is SO ORDERED.

Signed this the 26th day of January, 2011.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE