IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| BRANDON K. THRASHER, PRO SE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:10-CV-0036 |
| | § | (USCA Case No. 11-10153) |
| CITY OF AMARILLO ET AL., | § | |
| | § | |
| Defendants | § | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND RECOMMENDATION,
SANCTION, AND ADMONISHMENT**

Before the Court is plaintiff/appellant BRANDON K. THRASHER's February 15, 2011

motion to proceed in forma pauperis on appeal in the above-referenced and numbered cause,

which was forwarded to the undersigned Magistrate Judge in accordance with the usual practice of

the Court.

After initial review of plaintiff's motion, the Court issued an Order to Provide Additional

Information, noting plaintiff's retention of counsel subsequent to the grant of pauper status.

Plaintiff was ordered to submit an updated financial disclosure by responding to a Questionnaire

to support his request.

Plaintiff submitted his Response on February 25, 2011 by which he stated there had been

no change in his current financial situation, that he was tired of the Court's "little games," and that

he would not take orders "from a judge that was dismissed from the case."

Plaintiff has submitted an improper pleading which does not comply with the order of the

Court to provide an updated financial disclosure.  Plaintiff does not explain the meaning of his

reference to "a judge that was dismissed from the case."  No judge has been dismissed from this

case and no judge has entered an order of recusal.

Plaintiff's response violates Rule 11(b)(1), Federal Rules of Civil Procedures, in that it has

no other purpose than to harass and cause unnecessary delay. FED.R.CIV.PRO. 11(b)(1).

## CONCLUSION

For the reasons set forth above, it is the Recommendation of the Magistrate Judge to the

United States District Judge that plaintiff's motion to proceed in forma pauperis on appeal be

DENIED.

## SANCTION AND ADMONISHMENT

Further, plaintiff is sanctioned for submitting an improper pleading and is admonished that

the filing of future pleadings such as this one which serve no legitimate purpose will result in

additional sanctions which may include a monetary assessment or a bar to future litigation.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of February, 2011.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In
the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing
objections is eleven (11) days from the date of filing as indicated by the file mark on the first
page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the
parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any
objections must be filed **on or before the fourteenth (14ᵗʰ) day after this recommendation is
filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as

authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).